ORIGINAL

Approved: _M. SL_____
CHRISTY SLAVIK
Assistant United States Attorney

Before:   HONORABLE ONA T. WANG
          United States Magistrate Judge
          Southern District of New York

20MAG 2702

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :    SEALED COMPLAINT

        - v. -                  :    Violation of
                                     18 U.S.C. §§ 922(g)(1),
LAEL YOUNG,                     :    924(a)(2) and 2

                Defendant.      :    COUNTY OF OFFENSE:
                                     BRONX

- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

        ELVIS COLE, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

COUNT ONE
(Felon in Possession)

        1.   On or about February 11, in the Southern District of New York, LAEL YOUNG, the defendant, knowing he has been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess ammunition, to wit, nine 9 millimeter bullets, and the ammunition was in and affecting commerce.

        (Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2.)

        The bases for my knowledge and for the foregoing charge are, in part, as follows:

        2.   I am a Detective with the NYPD in the Bronx Violent Crime Squad (the "Squad"). I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with other law enforcement officers, my examination of reports and records prepared by law

1

enforcement officers, and my involvement in this investigation. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my participation in the investigation, my conversations with other law enforcement officers and other witnesses, and my review of documents and other records, I have learned the following, in substance and in part:

a. On or about December 4, 2018, LAEL YOUNG, the defendant, pled guilty in Supreme Court of the State of New York to one count of Criminal Sale of a Controlled Substance, in violation of New York Penal Law 220.39, a Class B Felony. During the plea hearing, on or about December 4, 2018, YOUNG was warned that he could be sentenced to a term of up to nine years in prison in connection with the offense. On or about February 26, 2019, YOUNG was sentenced to five years' probation.

b. On or about February 26, 2019, probation of YOUNG commenced, with a scheduled termination date of on or about February 25, 2024. YOUNG's probation was overseen by the New York City Department of Probation ("DOP"). The conditions of probation stated that YOUNG must not possess or purchase a firearm or any other weapon. The conditions of probation further required compliance with the following condition: "Consent to a search, conducted by a Probation Officer or a Probation Officer and his or her agent, of his/her person, vehicle and place of abode (when such place of abode is legally under his/her control), and the seizure of any illegal drugs, drug paraphernalia, gun/firearm or other weapon or contraband found" (the "Search Condition").

c. While on probation, YOUNG resided in an apartment with his mother in the Bronx, New York ("Address-1").

d. In or around early February 2020, a confidential informant ("CI-1") provided information about YOUNG to the Department of Homeland Security – Homeland Security Investigations ("HSI").[1] CI-1 told an officer with HSI ("HSI

---

[1] CI-1 has been providing information to HSI and HSI Officer-1 since at least in or around 2018, after he was arrested, in

Officer-1") that CI-1 had personal knowledge that YOUNG was hiding drugs and weapons inside of YOUNG's home.

    e. In or around early February 2020, HSI Officer-1 told an officer with DOP ("PO-1") about the information provided by CI-1 regarding YOUNG, including that YOUNG kept weapons and drugs at his residence.

    f. After receiving approval from the DOP, at or around 6:00 a.m. on or about February 11, 2020, PO-1, along with several other probation officers, including a DOP supervising officer ("Supervising PO") and another probation officer ("PO-2") (referred to collectively as the "Probation Officers"), arrived at Address-1 to conduct a search pursuant to the Search Condition. PO-2 called YOUNG on a phone number provided in YOUNG's probation file. YOUNG answered the call and stated, in sum or substance, that he would be downstairs momentarily. After approximately ten minutes passed, PO-2 called YOUNG again. After approximately several minutes, YOUNG came to the door and showed the Probation Officers into Address-1. The Supervising PO showed YOUNG a copy of his conditions of probation, and pointed out the Search Condition. YOUNG indicated that he was aware of the Search Condition, and led the Probation Officers to his bedroom. The Supervising PO remained in the living room with YOUNG, as well as other individuals who were inside the home during the search. The remaining Probation Officers began searching YOUNG's bedroom. While inside YOUNG's bedroom, PO-1 observed a plastic bag inside a yellow and black bin near YOUNG's bed. Inside the bag, PO-1 found nine 9 millimeter bullets.

    g. After PO-1 found the bullets, he took YOUNG aside and asked YOUNG what was inside the plastic bag. YOUNG stated, in sum and substance, that he found the bag full of ammunition in the street and took it, and that the ammunition is old.

    4. Based on my training and experience, and my communications with other law enforcement agents, including a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms and ammunition, I have learned that the bullets PO-1 found in

---

exchange for leniency with respect to immigration issues. Information provided by CI-1 has been independently corroborated, and HSI Officer-1 has made arrests based on information provided by CI-1.

the bedroom of LAEL YOUNG, the defendant, were not manufactured in New York State.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of LAEL YOUNG, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_____
ELVIS COLE
Detective
NYPD

Sworn to before me this
10th day of March, 2020

_____
THE HONORABLE ONA T. WANG
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK